IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

   vs.                                              No. 10-CR-622-MV

WALTER DEITER,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Walter Deiter's three Letter Motions [Docs. 284-286] requesting enlargement of the time in which to file his § 2255 petition, the replacement of his "legal paperwork," and a "2255 packet." *See generally* Docs. 284-286. The Court, having considered the Motions, briefs, relevant law, and being otherwise fully-informed, finds that two of the Motions will be **DENIED** and one will be **GRANTED.**

### BACKGROUND

The facts of the underlying case are not relevant to the Court's resolution of the pending Motions. Defendant Deiter was convicted by a federal jury on August 2, 2012; after extensive presentencing litigation, the Court finally entered judgment on February 14, 2014. *See* Doc. 287 ¶¶ 3-4. Defendant timely appealed his conviction to the United States Court of Appeals for the Tenth Circuit, who affirmed his conviction on September 10, 2014. *Id.* ¶ 5. *See also generally* Doc. 283. Defendant did not seek to pursue his appeal to the Supreme Court of the United States by seeking a writ of certiorari.

1

On June 16, 2015, the Court received the three Letter Motions at issue here, which collectively request three separate interventions from this Court. First, Defendant Deiter seeks a ninety-day extension of the time during which timely to file his § 2255. *See generally* Doc. 284. Second, Defendant asks that the Court order that he be reimbursed for the loss of his "legal paperwork" by prison officials. *See generally* Doc. 286. Finally, Deiter invites the Court to supply him with a "2255 packet." *See generally* Doc. 285. The Court will address each request in turn.

## DISCUSSION

### I. Request for Enlargement of Time

Defendant's entreaty that the Court extend the time during which to file a petition for collateral relief pursuant to § 2255 is predicated on a faulty assumption. In his Letter Motion, Deiter "respectfully request[s] a 90 day extension to file [his] 2255" and indicates in the subject line of the correspondence that he believes the "due date" to be in September of 2015. Doc. 284 at 1-2. However, as the government cogently explains in its Response, Defendant appears to misapprehend the applicable deadline.

The time for a federal prisoner to seek post-conviction relief pursuant to § 2255 is limited to one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where a federal defendant, such as Deiter, "takes an unsuccessful direct appeal from a judgment of conviction, but does not next petition for a writ of certiorari," then, for the purposes of calculating the limitations period in § 2255, "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). *See also*

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (explaining that for the purposes of § 2255, a "federal judgment becomes final … when the time for filing a certiorari petition expires") (internal quotation marks omitted).

Application of this formula to the instant case reveals that Deiter has underestimated his due date by a full ninety days, which, felicitously, is the duration of the extension for which he has argued. That is, the Court of Appeals affirmed Defendant's conviction on September 10, 2014, after which Deiter had ninety days during which to submit a request to the Supreme Court for his case to be heard on a writ of certiorari. *See* Sup. Ct. R. 13. It is from the expiration of this latter period in December 2014, rather than the September 2014 order of affirmance, that the § 2255 clock runs. Here, because Deiter has ninety days longer than he believed, the Court will deny Defendant's request as moot.

## II.     Reimbursement for "Legal Paperwork"

In a separate Letter Motion also received by the Court on June 16, 2015, Deiter indicates that he "sent [the Court] a motion/letter several months ago about, PNM losing all my legal paperwork" which he believes "has made it impossible for [him] to properly [sic] file" a § 2255 petition with the Court. Doc. 285 at 1. The Court has no record of the existence of any such letter, but finds this potential confusion not to be outcome-determinative. The Court understands this Letter Motion to argue that Deiter has, effectively, been denied access to the courts because the loss of "all [his] legal paperwork" has rendered it "impossible for [him] to properly [sic] file [his] 2255." Doc. 285 at 1. To remedy this predicament, Defendant requests one hundred and fifty dollars to replace the purportedly lost materials.

3

However, Plaintiff has offered no legal or factual basis for his claim and review of the relevant law reveals none. First, while it is "long-settled that an indigent prison inmate has constitutional right of access to the courts," it is insufficient for the Court to find that "an inmate suffered the loss of some legal materials." *Sterling v. Edwards*, 881 F. Supp. 488, 490 (D. Kan. 1995). "Rather, some showing of prejudice is required." *Id.* Here, Deiter has not even "made [] a conclusory claim the loss of these papers was intentional or retaliatory" and has not articulated with any specificity what prejudice might arise from their loss. *Id.* at 491. Further, to the extent that Plaintiff's request is understood as claim sounding in tort, he must first exhaust the relevant administrative remedies before pursuing such an action. Therefore, the Court will deny Deiter's request for reimbursement stemming from the alleged loss of his legal documents.

### III. Information for *Pro Se* § 2255 Petitioners

Finally, Deiter requests a copy of the materials relevant to *pro se* litigants who wish to file a § 2255 petition. The Court will acquiesce and order that the Clerk's office send the pertinent documents to Deiter upon entry of this Order.

### CONCLUSION

**IT IS THEREFORE ORDERED that** Defendant Walter Deiter's Letter Motion for Enlargement of time [Doc. 284] is **DENIED** as moot, the Letter Motion for Reimbursement [Doc. 286] is **DENIED**, and the request for the *pro se* § 2255 packet [Doc. 285] is **GRANTED.**

Dated this 21st day of July, 2015.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

4